①

District Court La Plata County ........ Case#2020CR237

1060 2nd Ave, Durango, Co 81301

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Chad Chandler Redhouse (petitioner)

**SEP 28 2020**

v.
The People of the State of Colorado (respondent)

JEFFREY P. COLWELL
CLERK

## Petition for Habeas Relief

    This day comes Chad C. Redhouse with petition to the District court of the state for intervention for Habeas relief, in support of which presents:

    Jurisdiction: The jurisdiction of the district is supervisory upon its county courts, its officers and its administration. All relevant acts occurred and accrue in the La Plata county. The application is made pursuant to 28 USC § 2254 and by the Habeas Corpus act.

    The Respondents are as followed in the Durango La Plata district, county of La Plata and the State of Colorado in their capacities:
La Plata County Sheriff Capt. Aber (custodian of Redhouse) District Court Judge Honorable Judge William Herringer; Christian Champagne, La Plata county district attorneys office; Zach Rogers, La Plata county district attorney's office; Megan King, Colorado state public defenders office; Mr. Logan, public defend office; Mary Pers, La county public defenders office; Susan Bandy, La Plata county public defenders office

## Statement of Facts

    On July 21, 20, a preliminary was heard in Hon. Judge William Herringer's courtroom, where an illegal proceed

ing took place and an abuse of process was met with threats, inducement and coercion that resulted in an involuntary waiver of Mr. Redhouse's preliminary hearing. These illegal acts included both government employees prosecutor Zach Rogers and public defender Mary Pero. However, after the waiving of Mr. Redhouse's preliminary hearing, Prosecutor Zach Rogers did not honor his side of the plea bargain agreement and pulled the plea offer from the table, and replacing it with another plea that Mr. Redhouse did not agree to waiving his preliminary hearing to. However after raising this claim at an arraignment held on Aug 7, 20, Zach Rogers replace the original plea offer back on the table on Aug. 28, 20. Also resulting from the claim that was raised from the arraignment, were 3 motions that were finally filed on behalf of Mr. Redhouse by Mary Pero and Susan Bandy. Both public defenders.

On July 21, 20, Mr. Redhouse was scheduled a preliminary hearing. Upon the courts hearing were state prosecutor Zach Rogers and public defender Mary Pero. Presiding judge was Hon. Judge William Herringer. However, before the commencement of that hearing Mrs. Pero pulled Mr. Redhouse to back room of the court to speak with Redhouse in private. Within the private conversation in the back Ms. Pero relayed and conveyed prosecutions Zach Rogers plea offer of a deferred sentence for 2 to 3 years probation with a 3 year cap. Also within that agreement Mr. Redhouse was to pay back $2,000 dollars in restitution damages to the Hotel Rodchester and court fees as well. However, the restitution was inially undetermined at

③

the time but Ms. Pero informed the courts she would know that answer by the time Redhouse goes to his arraignment on Aug 7, 20. During the private talk in the back courtroom Ms. Pero stated to Redhouse that the plea offer was not a guarantee but if Mr. Redhouse pursued the preliminary hearing that there would be no other plea offers thereafter. With no probable cause disclosed to Mr. Redhouse and the inducement by the state, Redhouse waived his preliminary hearing. On July 22, 20, the following day after Mrs. Mary Pero calls Redhouse at the county jail and informed him that there was no demand for restitution by the Hotel.

On Aug 5, 20. Ms. Pero calls Redhouse again at the county jail and informs him the the plea offer had been pulled and replaced by another plea Redhouse did not agree to.

On Aug 7, 20. Mr. Redhouse raised these claims to Judge William Herringer and he asked Redhouse to write him a letter regarding these issues of ineffective assistance of counsel and the reneging of the plea offer by Zach Rodgers. After the complaint the public defenders office filed 3 motions on behalf of Redhouse 1) Aug 10, 20 2) Sept 1, 20 3) Sept 4, 20.

Ms. Pero also reproduced Redhouse's probable cause on Aug 10, 20, on a USB flashdrive to the county jail. Also Prosecutor Zach Rogers replaced the original plea offer on August 28, 20.

However, before these illegal proceedings occurred, Ms. Pero has foreclosed legitimate and affirmative defenses in favor of Redhouse. She has also

④

disregarded Mr. Redhouse's request for a change of venue, stating I can't get that request. She has also misled the courts on June 25, 20 at a preliminary demand that Redhouse was a "homeless Transient," when in fact he lives with his parents in Flora Vista, NM. These claims are all included with the ineffective ness Mary Peru has provided Mr. Redhouse.

1) Misleading the courts on Redhouse's living situation by addressing the courts that he is a "homeless Transient" on June 26, 20, Preliminary demand.

2) failed to file motion for change of venue at Mr. Redhouse's request.

3) Participated in conveying threats, inducement and coercion from prosecutor Zach Rodgers for an involuntary waiver of Mr. Redhouse's preliminary hearing on July 21, 20.

4) Participated with prosecutor Zach Rodgers by withholding information about hotel restitution, new evidence in favor of Redhouse (mother's text on night of incident, did not inform Redhouse of witness Kirk-Komich's interview with des Lister on Aug 6, 20, Did not inform Redhouse that arresting officers violated Mr. Redhouse the right of his arrest.

5) failed to object to prosecutor's misconduct when Zac Rodgers threatened Mr. Redhouse.

6) failed to raise objections to Zach Rodgers reneging on his plea agreement.

7) failed to file a bond modification hearing to waive UA fees due to the request of Mr. Redhouse and due to COVID-19, he is unemployed to pay for these fees. The request was made before he was released from county jail on a $1,000 security bond.

(5)

## Claim of Petition:

Mr. leelhouse brings this petition on grounds for a due process claim to challenge an involuntary waiver of his preliminary hearing on July 21, 20. The petitioner claims of denial of due process and constitutional rights violations. The result of denied due process is his continued incarceration, pretrial confinement, UA's for drugs and alcohol, loss of liberty, opportunity and exercise of character. The particulars of the claim of denial of due process include:

1) ineffective assistance of counsel
2) abuse of process
3) involuntary waiver of preliminary hearing
4) Prosecution failing to honor plea bargain
5) Prosecution's inducement.

## For Discussion and Review:

### I. Ineffective Assistance of counsel

1) the 6th amendment guarantees the right to reasonably effective counsel (USCA VI). To establish ineffective assistance of counsel a defendant must show 1) counsel's performance was deficient and 2) the deficient performance prejudice the defense USCA IV, Ardolino 69 P.3d at 76; State v. Hunter, 140 NM 406 (2006) NMSC-043, a reasonable probability means "a probability sufficient to undermine confidence in the outcome. The word "probability" does not require a defendant to show that the deficient performance more likely than not altered the outcome of the case. Id (Strickland 466 at 693, 104 S.Ct 2052) A.R. 7177 46-55 ("fundamental fairness as a focus of strickland's prejudice inquiry is also simply more

suited to the discretionary nature of termination proceedings") The Supreme Court defines "prejudice an ineffective of assistance of counsel claim in parental termination cases requiring some evidence to show the result of the termination hearing may have been different "about counsel's unprofessional errors (A.G. 262 P.3d at 652) And it describes prejudice by quoting Strickland: The reviewing courts look at whether "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland. 466 U.S. at 694, 104 S.Ct 2052).

II. Involuntarily waiving of Preliminary hearing
1) In People v. MacRander, 756 P.2d 356 (Colo. 1988) The basis for enforcing promises the prosecution makes to a defendant is found in the due process clause of the 14th amendment and its requirement that a accused "be treated with "fairness" throughout the [criminal] process..." People v. Fisher, 657 P.2d 922, 927 (Colo. 1983) quoting Cooper v. United States, 594 F.2d 12, 16 (4th Cir. 1979); Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1977). That right to fairness requires, in turn, that "when a plea rests in any signifi-cant degree on a promise must be fulfilled." Santobello, 404 U.S. at 262, 92 S.Ct. at 499. The rationale of Santobello clearly extends beyond those cases in which a defendants reliance takes a form of a guilty plea. Fisher, 657 P.2d at 927-930. Also states a defendant is entitled to a "specific performance" of a plea agree-ment when no other remedy is appropriate to effectuate the accused's legitimate expectations engendered by

(7)

by a governmental promises "Fisher 657, P.2d at 931.
The defendant is entitled under colo. statute and
the Colorado Rules to a demand a preliminary hearing
§ 18-1-404 83 CRS. (1906); Crim. P. 5.(a)(4) the
purpose of a preliminary hearing is to screen out
cases in the prosecution is unwarranted by allowing
an impartial judge to determine whether there is
probable cause to believe the crime charged may
have been committed by the defendant. Rex v. Sullivan
194 Colo. 568, 571, P.2d 408, 410 (1978); If the court
determines that no probable cause exists to believe
that the defendant committed charged. The
defendant must be discharged and charges dis-
missed Crim. P.5 (a)(4)(IV).

The practical effect of the defendants waiver of
his right to a preliminary hearing is that he is deemed
to admitted that probable cause exists. People v.
District Courts, 184 Colo. 406, 521 P.2d 778 (1974) and
thus his liberty maybe restrained prior to trial
either through incarceration or conditions of bail
For that reason the waiver of his right to a pre-
liminary hearing directly implicates constitutional
interest. Gerstein v. Pugh, 420 U.S. 103, 95 S. Ct. 854,
43 L.Ed 2d 54 (1975); Lucero v. District Court 188
Colo. 67, 70 532 P.2d 955, 957 (1975) right to a
preliminary hearing has a constitutional foundation,"
see generally 2 W. LaFave and J. Israel - Criminal
Procedure 14.2 at 246-47 (1984) (Discussing
constitutional right to determine probable cause.)
In light of the importance of a preliminary hearing
to the accused and the restraints to which he is to
subject to light of his waiver of hearing, we will accord

(8)

his request for a specific substantial weight. The district court, relying on People v. District court 184 Colo. 406, 521 P.2d 778 (1974) found that it was powerless to reinstate the defendant to a preliminary hearing. In that case we found only that the defendant's effective waiver of his right to a preliminary hearing in county court precluded the district court from holding a preliminary hearing 184 colo. at 411, 521 P.2d at 780. Because defendant's waiver was induced by a promise the prosecutor later chose not to honor, it was involuntary and thus ineffective. However, in People v. MacRander matters it states "as a consequence the trial court had to reinstate the defendants right to a preliminary hearing it so desired," due to the inducement. But a preliminary hearing at this late date would still allow the defendant to challenge as or based on probable cause, but it cannot restore the defendant the immediacy of that challenge §18-1-404 C.R.S. (1986) (thus, a preliminary hearing must be held in within a reasonable time.) Rule 5(a)(4)(I) a preliminary hearing shall be held within 35 days of setting.

Wherefore, Mr. Redhouse (petitioner) moves the court to grant him this request for a dismissal pursuant to his constitutional rights under the 4th, 5th, 6th, 8th and 14th amendments and his due process rights. As well as The Colorado State Constitution, Article II §§ 7, 16, 18, 23 and 25.

Respectfully Submitted
Chad Redhouse 9/24/20

(9)

I hereby certify that on Sept. 24, 2020,
I have mailed/foregoing copies to:
hand delivered

1) La Plata County District Court, Clerk of Courts
1060 2nd Ave, Durango Colo. 81301

2) La Plata County District attorney's Office
1060 2nd Ave, Durango Colo. 81301

3) La Plata Public Defender's Office
175 Mercado St #250 Durango, Colo 81301

4) United States District Court of Colorado Rm. A105
901 19th St. Denver Colo 80294-3589

CHAD C. REDHOUSE 9/24/20

State of New Mexico
County of San Juan

Stacy A. Fontana
September 24, 2020

Official Seal
STACY A FONTANA
Notary Public
State of New Mexico
My Commission Expires 11/31/23

(10)

## Appendix to Petition

### Table of Exhibits

1) Affidavit of Probable Cause .................... A-1

2) Request for Notice and objection to the      A-2
introduction of character and prior acts
at trial, and motion for hearing prior to the
introduction of such evidence [D1]

3) Motion to suppress statements and evidence A-3
obtained by an arrest without a warrant [D2]

4) Motion to supress involuntary statments      A-4
unlawfully obtained in violation of the
constitutional right to due process [D3]

5) Unopposed motion for a personal recognize A-5
bond w/ pretrial services and an unopposed
request for permission to leave the state

6) Police Report                                           A-6

7) Defendant's letter from (Aug 17, 20)           A-7
regarding ineffective assistance and induced
waiving of preliminary hearing.

8) Defendant's letter to Judge Herringer, regards A-8
to ineffective assistance and induced waiver
of preliminary hearing from (Sept 1, 20)

9) Defendant's letter to Judge Herringer, regards A-9
to requesting assistance w/ VA's and monthly
service fees (Sept 1, 20)

10) Defendant's letter to Judge Herringer, regards A-10
to waiving public defender dept and requesting
change of venue on (Sept 19, 20)

| DISTRICT/ COUNTY COURT, LA PLATA COUNTY, COLORADO<br>Court Address:   1060 E. Second Avenue<br>Phone Number:   (970) 247-2304 | |
|---|---|
| Plaintiff:      People of the State of Colorado | |
| Defendant: Chad Chandler Redhouse | ⁞ COURT USE ONLY ⁞ |
| OFFICERS NAME: Patrick Jackson<br>Phone Number:  970-764-5210<br>Fax Number: 970-375-4728<br>E-mail: Patrick.jackson@durangogov.org<br>DPD Case Number: P20-11615 | Case Number:<br><br>Div.:            Ctrm.: |
| **AFFIDAVIT OF PROBABLE CAUSE**<br>**SUBSEQUENT TO WARRANTLESS ARREST** | |

I, Patrick Jackson, a peace officer with the Durango Police Department, by signing my name below, before the notary public named below, solemnly, sincerely and truly declare and affirm that for the following facts and information establishing probable cause for the warrantless arrest of: Chad Chandler Redhouse; Date of Birth: 08/07/1975; on 05/24/2020 at 0229 hours; in case number P20-11615, for the crimes(s) or offense(s) of:

      C.R.S. **18-4-202 (1) 1ˢᵗ Degree Burglary F3**
      C.R.S. **18-4-501 (1)(d) Criminal Mischief F6**
      C.R.S. **18-3-204 (1)(a) 3ʳᵈ Degree Assault M1**
      C.R.S. **18-4-401 (2)(b) Theft PO1**
      C.R.S. **18-6-801 Domestic Violence Sentence Enhancer**

**Victim:**
Michelle Lee Nunez Brown DOB: 08/24/1966, White, Female

On 05/24/2020 at approximately 0151 hours, I responded to the Rochester Hotel, located at 726 E 2ⁿᵈ Ave, in the City of Durango, County of La Plata, State of Colorado, and in the United States of America, for a report of a male versus female verbal disturbance. The reporting party advised that the subjects were possibly attempting to steal a bicycle and have broken into the hotel. The reporting party called the Durango Communications Center from the Leland House, directly west of the Rochester Hotel. The reporting party provided officers with a key to the front door of the hotel, which was used to gain entry inside.

Upon arrival on scene, I could see two subjects inside the hotel, a male who was dragging a female across the floor. Due to the nature of the call, I drew my service pistol, and entered the hotel via the door facing East 2ⁿᵈ Ave. I gave several loud commands to the male subject to get down on the floor and pointed my service pistol towards the male, which he ultimately complied with my commands. While making entry into the hotel, I could see that the entryway and lobby area was in disarray, with several items strewn about. As Officers entered the hotel, the male was yelling unintelligibly while he was dragging the female across the floor by both of her arms. The female was screaming and crying as officers approached the subjects.

Once the male was on the floor, I instructed the male to put his hands behind his back, to which he also complied. I then put hand cuffs on the male subject and immediately performed a pat down search of him for weapons. I located a wallet and identified the male as Chad Chandler Redhouse (DOB: 08/07/1975), via a New Mexico Driver's License. The female, who was later identified as Michelle Lee Nunez Brown (DOB: 08/24/1966) was also placed into handcuffs immediately upon contact. Both Michelle and Chad were placed into the backseat of separate marked patrol vehicles. After both subjects were secured in marked patrol vehicles, I returned inside the hotel to further investigate the scene. No other persons were located inside the hotel during a security sweep of the hotel. Michelle complained of back pain while being escorted to my patrol vehicle. Emergency Medical Personnel were summoned to examine Michelle for injuries

Emergency Medical Personnel cleared her on scene and Michelle remained secured in my patrol vehicle. Both Chad and Michelle were heavily intoxicated and smelled of unknown alcoholic beverages.

Inside the lobby area, I saw several containers of beer and spiritous liquor about the lobby, open and consumed from, which appeared to have been removed from the bar area of the lobby. There were also several small decorations knocked over and their contents spilled on the lobby furniture. In the entryway from the front door to the lobby a coat rack was knocked over, papers were all over the floor, and artwork was missing from a hanger on the wall. In the lobby there were stains on the lobby furniture, cleaning supplies thrown about, approximately four (4) wine gift baskets torn apart, and several small succulent plants damaged. On the second floor of the hotel, a baseboard heater in the hallway had damage to the end cap as well as a fire extinguisher has been removed from a wall.

Upon further inspection of the bar area, the cabinets were the alcoholic beverages are stored were forced open, broken glass on the floor, and various bar items that appeared to have been recently used. Outside the hotel in the patio area, a backpack belonging to Michelle was located and searched. Inside her backpack I found several cans of beer, a metal bar cup, toiletries with the Rochester Hotel logo on them, a receipt book, and a can of air freshener. The scene was photographed thoroughly, and all photographs were uploaded to evidence.com.

The hotel has been closed for business, for the COVID-19 outbreak, and was thought to be secured properly. From the investigation on scene, it is believed that Michelle and Chad entered the hotel via the exterior window of room 101, which was discovered to have a broken locking mechanism. Outside of the window to room 101, the mulching appeared to have shoe shaped markings in it. It is unknown how long Chad and Michelle were inside the hotel. The reporting party estimated the total amount for all damages to be approximately $2000.00 United States Dollars. The approximate value of the items inside Michelle's backpack and on her person was estimated at $25.00 United States Dollars.

While in the backseat of the patrol Chad became enraged was kicking the partition in the patrol vehicle. A leg hobble was applied to Chad, to prevent him from harming himself or damaging the patrol vehicle. Chad was transported to the La Plata County Jail and booked for the above charges. Chad was previously contacted for an unrelated incident on 5/23/20 at approximately 2128 hours, were he stated that Michelle is his wife (P20-11590).
The above statements are true and correct to the best of my knowledge, information and belief.

Your affiant states that the crime of **1st Degree Burglary, Criminal Mischief, Theft, 3rd Degree Assault, and Domestic Violence Sentence Enhancer** occurred in the City of Durango, County of La Plata, and State of Colorado.

_Affiant's Signature_

The foregoing affidavit was subscribed and sworn to before me this 24th day of **May** 2020, in the County of La Plata, State of Colorado.

Witness my hand and official seal.

_#7840_
Notary Public

DEVIN CONROY
Notary Public
State of Colorado
Notary ID # 20164032115
My Commission Expires 08-22-2020

8-22-2020
Expiration Date of Commission

_Sgt Devin Conroy_
Approving Supervisor

| | |
|---|---|
| DISTRICT COURT LA PLATA COUNTY<br>1060 E 2ND AVE, DURANGO, CO 81301 | DATE FILED: August 10, 2020 9:45 AM<br>FILING ID: AE561A3F892F3<br>CASE NUMBER: 2020CR237 |
| THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff,<br><br>v.<br><br>CHAD REDHOUSE,<br>Defendant | σ COURT USE ONLY σ |
| MEGAN RING, Colorado State Public Defender<br>Mary Pero #49118<br>Deputy State Public Defender<br>175 Mercado St., Suite 250<br>Durango, CO 81301<br>Phone: (970) 247-9284      Fax: (970) 259-6497<br>E-Mail: mary.pero@coloradodefenders.us | **Case Number: 20CR237** |

**REQUEST FOR NOTICE AND OBJECTION TO THE INTRODUCTION OF  CHARACTER AND PRIOR ACTS AT TRIAL, AND MOTION FOR HEARING PRIOR TO THE INTRODUCTION OF SUCH EVIDENCE
[D1]**

Mr. Redhouse, through counsel, respectfully requests that this Court require the prosecution to provide notice as to any character or prior conduct evidence that it wishes to admit at trial, including the purpose and specific evidentiary basis for the admission of this evidence.  Mr. Redhouse also objects to the introduction of any such evidence and moves this Court to set a pre-trial hearing to determine its admissibility.

AS GROUNDS for this motion, Mr. Redhouse states as follows:

1.  Upon request of the accused, "the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . of the general nature of the evidence it intends to introduce at trial" of other misconduct. C.R.E. 404(b).

2.  "A defendant on trial for a specific offense should not be expected or required to meet anything other than the specific accusation made against her." *People v. Pratt*, 759 P.2d at 682 (citing *Edmisten v. People*, 176 Colo. 262, 275, 490 P.2d 58, 64 (1971).  "An accused has the right to know the allegations against which she must defend." *People v. Pratt*, 759 P.2d at 682 (citations omitted).

3.      Mr. Redhouse requests that the Court set a pre-trial hearing to determine the admissibility of character, or prior act.  A defendant is entitled to pre-trial hearing to determine the admissibility of such evidence.  *People v. Reynolds*, 806 P.2d 366, 372 (Colo. 1991).  The prosecution, as the proponent of the evidence, bears the burden of satisfying all the requirements of introducing such evidence.  In addition to proving by a preponderance of the evidence that the prior acts actually occurred and that the defendant committed the acts, *Id.* at 374, the prosecution must comply with the four-part test laid in *Spoto* in order for prior act evidence to be admissible. 795 P.2d at 1318.  The test requires the following: 1) the evidence relates to a material fact, 2) it is logically relevant, 3) the logical relevance is independent of the inference forbidden in 404(b), and 4) the probative value is not substantially outweighed by unfair prejudice to the defendant.  *Id.*

WHEREFORE, Mr. Redhouse through counsel, requests this Court to require the prosecution to provide notice as to any character or prior conduct evidence that it wishes to admit at trial with the purpose and evidentiary basis for the admission of this evidence, objects to the introduction of this evidence, and moves that this Court set a pre-trial hearing to determine the admissibility of any such evidence.

MEGAN RING
COLORADO STATE PUBLIC DEFENDER


____/s Mary Pero_____
Mary Pero  #49118                                      **Certificate of Service**
Deputy State Public Defender                 I hereby certify that on _August
                                                                 10, 2020___, copies of the
                                                                 foregoing document were served
                                                                 on all opposing counsel of record.
                                                                 __/s/ Mary Pero

| | |
|---|---|
| DISTRICT COURT LA PLATA COUNTY, COLORADO<br>1060 E 2ND AVE, DURANGO COLORADO 81301 | DATE FILED: September 1, 2020 6:34 AM<br>FILING ID: E0C1C55322B64<br>~~CASE NUMBER: 2020CR237~~ |
| THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff,<br><br>v.<br><br>**CHAD REDHOUSE,**<br>Defendant | σ COURT USE ONLY σ |
| MEGAN RING, Colorado State Public Defender<br>Mary Pero #49118<br>Deputy State Public Defender<br>175 Mercado St., Suite 250<br>Durango, CO 81301<br>Phone: (970) 247-9284      Fax: (970) 259-6497<br>E-Mail: mary.pero@coloradodefenders.us | **Case Number: 20CR237** |
| **MOTION TO SUPPRESS STATEMENTS AND EVIDENCE OBTAINED BY AN ARREST WITHOUT A<br>WARRANT<br>[D2]** | |

      Chad Redhouse, through counsel, respectfully moves this Court to hold a hearing and to suppress any and all statements and physical evidence that were unconstitutionally obtained by an arrest without a warrant.

      AS GROUNDS for this motion, Mr. Redhouse states as follows:

1. On May 24, 2020, Durango Police Department Officer Patrick Johnson arrested Mr. Redhouse at 726 E 2nd Ave in Durango, Colorado at the Rochester Hotel. Officer Johnson did not have a warrant.

2. Prior to the arrest, a reporting party advised that two people were purportedly stealing bicycles, and entered the Rochester Hotel. According to the police report, Officer Johnson alleges that he sees Mr. Redhouse "dragging" Ms. Brown. While Mr. Redhouse is allegedly yelling.

3. Law enforcement arrested Mr. Redhouse on allegations on the following: (1) C.R.S. 18-4-202 (1) First Degree Burglary, a class 3 Felony (2) C.R.S. 18-4-501(1)(d) Criminal Mischief, a class 6 Felony (3) C.R.S. Assault in the Third Degree, a class 1 misdemeanor, (4) C.R.S. 18-4-401(2)(b) Petty Theft, as well as the sentence enhance C.R.S. 18-6-801 Domestic Violence.

4. On June 08, 2020, the prosecution filed a criminal complaint with the following allegations: (1) Second Degree Burglary pursuant to C.R.S. 18-4-203(1) a Class 4 Felony, (2) Criminal Mischief pursuant to C.R.S. 18-4-501(1),(4)(c), a class 1 misdemeanor, and (3) petty theft pursuant to C.R.S. 18-4-401(1),(2)(b).

5. An arrest without a warrant is presumed to be unconstitutional. *People v. Burns*, 615 P.2d 686 (1980). When police detain a person without a warrant, the burden of proof is on the prosecution to prove the constitutional validity of the detention and the officers' subsequent actions. *People v. Heilman*, 53 P.3d 224, 227 (Colo. 2002).

6. "A defendant's initial burden, [to get a hearing on a suppression motion], is that of going forward with some credible evidence that [a] . . . search . . . does not conform to constitutional requirements." *People v. Jansen*, 713 P.2d 907, 911 (Colo. 1986).

7. At a suppression hearing, a defendant can satisfy his burden of going forward by offering a stipulation or other evidence that police officers seized him or searched property in which he had a reasonable expectation of privacy, and that they did not have a warrant authorizing that search or seizure. *See Jansen*, 713 P.2d at 911.

8. After the defendant establishes no warrant, the burden of going forward with evidence tending to show justification for the warrantless search or seizure shifts to the state. *Id.* The burden of proving the reasonableness of a warrantless search always remains with the prosecution. *See Id.*; *see also Outlaw*, 17 P.3d at 155.

9. In *People v. Quintero*, the Supreme Court of Colorado held law enforcement lacked probable cause on an arrest for Burglary. In that case, the arresting officer asserted that probable cause existed to arrest Quintero. At the time the arrest, the police knew that Quintero was a stranger to the neighborhood, and that he claimed that he had purchased a television set from someone in the neighborhood. They also knew that he had attempted to cover the television set and the video game with his shirt. He had no identification, but no evidence existed to establish that a crime had been committed. The police did not learn who the owners of the television set and the video game were until more than five hours after they arrested Quintero. Suspicion does not amount to probable cause and an analysis of the facts. People v. Quintero, 657 P.2d 948, 950 (Colo.,1983)

10. Further, In *People v. McCoy*, the Supreme Court of Colorado considered innocent explanations on why a person may be selling discounted jewelry as part of the analysis on whether probable cause existed. 870 P.2d 1231, 1238 (Colo. 1994)

11. Any assessment as to whether police conduct amounts to a seizure implicating the Fourth Amendment, either an arrest or investigatory detention, must take into account all of the circumstances surrounding the incident in each individual case. *Heilman*, 53 P.3d at 228 (*citing Michigan v. Chesternut*, 486 U.S. 567, 572 (1988)).

12. A totality of the circumstances analysis requires an examination of the behavior of the parties, as well as the physical, temporal, and social context of the encounter. *Id.* "[W]hat constitutes a restraint on liberty prompting a person to conclude that he is not free to 'leave' will vary, not only with the particular police conduct at issue, but also with the setting in which the conduct occurs." *Id.* (*citing Cascio*, 932 P.2d 1381, 1386 (Colo. 1997)).

13. Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge are sufficient to support a reasonable belief that a crime has been or is being committed by the person arrested. *People v. Trusty*, 53 P.3d 668, 673 (Colo. App. 2001); *see also* C.R.S. § 16-3-102.

14. In determining whether there was probable cause to arrest, the totality of the circumstances known to the officer at the time of arrest must be considered. *Id.* Because probable cause deals with probabilities and not certainties, it is sufficient if the officer reasonably believed that an offense was committed and that the person being arrested committed that offense. *Id.*

15. Any evidence derived from or obtained as the result of the illegal conduct of the law enforcement officers is improperly obtained fruits of the conduct in violation of defendant's rights. *Wong Sun v. U.S.,* 371 U.S. 471 (1963); *People v. Hopkins*, 774 P.2d 849 (Colo. 1989).

16. Any evidence, including statements, officer observations and physical evidence gained from unconstitutional government conduct are fruit of the poisonous tree and must therefore be suppressed. *Id.*; *People v. Corpany*, 859 P.2d 865 (Colo. 1993); *People v. Sprowl*, 790 P.2d 848 (Colo. App. 1989).

WHEREFORE, pursuant Mr. Redhouse's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and Colo. Rev. Stat. § 16-3-102 (1973), and Article II, §§ 7, 16,  and 25 of the Colorado Constitution. Mr. Redhouse, through counsel, respectfully moves this Court to grant his motion for a pre-trial hearing and to suppress any and all unlawfully obtained statements and physical evidence, as well as any

and all fruits the unlawful government conduct that occurred in this case on June 08, 2020.

MEGAN RING
COLORADO STATE PUBLIC DEFENDER

____/s Mary Pero_____
Mary Pero  #49118
Deputy State Public Defender

**Certificate of Service**
I hereby certify that on
_September 01, 2020 copies of
the foregoing document were
served on all opposing counsel of
record. __/s/ Mary Pero

| DISTRICT COURT, LA PLATA COUNTY, COLORADO<br>1060 E 2nd Ave, Durango, CO 81301 | DATE FILED: September 4, 2020 10:30 PM |
|---|---|
| THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff,<br><br>v.<br><br>CHAD REDHOUSE,<br>Defendant | FILING ID: B87D4B4913F77<br>CASE NUMBER: 2020CR237<br><br><br><br>σ COURT USE ONLY σ |
| Megan A. Ring, Colorado State Public Defender<br>Susan E. Bandy, #50564<br>175 Mercado Street Suite 250, Durango, CO 81301<br>Phone: (970) 247-9284      Fax: (970) 259-6497<br>E-Mail: susan.bandy@coloradodefenders.us | Case No: 20CR237, Div. 2 |
| MOTION TO SUPPRESS INVOLUNTARY STATEMENTS UNLAWFULLY OBTAINED IN VIOLATION OF THE CONSTITUTIONAL RIGHT TO DUE PROCESS<br>[D3] | |

CHAD REDHOUSE, by and through counsel, respectfully requests this court to suppress any and all statements made by Mr. Redhouse on May 24, 2020 due to a violation of Mr. Redhouse's right against self-incrimination guaranteed by the 5th and 14th Amendments to the United States Constitution and Article II, Section 18 of the Colorado State Constitution.

As grounds, Mr. Redhouse states the following:

## FACTS

Around 1:51 a.m. on May 24, 2020, law enforcement responded to a call of male versus female disturbance. The reporting party stated the individuals had broken into the Rochester Hotel. When police arrived, at least two officers entered the hotel with their weapons raised. Once inside the hotel, police contacted Mr. Redhouse and Ms. Brown and order them to get on the ground. Law enforcement then handcuffed Mr. Redhouse before arrested Ms. Brown in front of him. Then law enforcement walked Mr. Redhouse to a patrol vehicle outside. After placing Mr. Redhouse into the car, law enforcement decided to place Mr. Redhouse into a hobble leg restraint. During this process, law enforcement asked Mr. Redhouse if he wanted this "Marine Corp. style" and also spoke to Mr. Redhouse in Spanish when he had been speaking exclusively in English. Throughout the interaction, Mr. Redhouse made statements related to Marine Corp. service and that Ms. Brown was his girlfriend, among other statements.

## STATEMENT OF THE ISSUES

1. Whether law enforcement obtained involuntary statements from Mr. Redhouse in violation of his due process rights.

## ARGUMENT AND LAW

1. Every person has a right against self-incrimination. U.S. CONST. amend V, XIV; Colo. Const., Art. II § 18.

**I.    LAW ENFORCEMENT COERCED INVOLUNTARY STATEMENTS FROM MR. REDHOUSE**

1. Under the due process clause of the United States and Colorado Constitutions, a statement may only be admitted into evidence if it was voluntarily made. U.S. Const. amends. V, XIV; Colo. Const. art. II, § 25; *State v. Klink*, 259 P.3d 489, 495 (Colo. 2011). Statements made in violation of Miranda may be suppressed at trial; however, any voluntary statements made by a defendant, even if suppressed under Miranda, may be used at trial for impeachment purposes should a defendant choose to testify. *Klink*, 259 P.3d at 495 (citing *Mincey v. Arizona*, 437 U.S. 385, 398 (1978); *Effland v. People*, 240 P.3d 868, 877 (Colo. 2010)).

2. Whether a statement was given voluntarily is based on an analysis of the totality of the circumstances. *State v. Klink*, 259 P.3d 489, 493 (Colo. 2011). The prosecution bears the burden of proving by a preponderance of the evidence that the statements were made voluntarily. *Id.* (*citing People v. Raffaelli*, 647 P.2d 230, 235 (Colo. 1982)).

3. The district attorney must prove by a preponderance of the evidence that the defendant made the statements. *People v. Gay*, 24 P.3d 623 (Colo.App. 2000); *People v. Wood*, 135 P.3d 744 (Colo. 2006). Additionally, the district attorney must prove by a preponderance of the evidence that the statements were made voluntarily and that the defedant's will had not been overborne by coercive conduct. *People v. Vigil*, 242 P.3d 1092 (Colo. 2010); *People v. Hutton*, 831 P.2d 486 (Colo. 1992); *People v. Gennings*, 808 P.2d 839 (Colo. 1991); *People v. Wood*, 135 P.3d 744 (Colo. 2006).

4. A suspect's statements may also be suppressed if they are involuntarily given. In order to be admissible, a suspect's statements must also be voluntarily given without the influence of coercive police activity. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986); *People v. Mendoza-Rodriguez*, 790 P.2d 810, 816 (1990). U.S. Const. amends. V, VI, XIV; Colo. Const., art. II, §§ 16, 25. The court must weigh "the circumstances of pressure against the power of resistance of the person confessing." *People v. Humphrey*, 132 P.3d 352, 362 (Colo. 2006) (citation omitted).

5. In determining whether an individual's statements were voluntary, the Court may consider the following factors:

   a. Whether the defendant was in custody or free to leave;
   b. Whether the defendant was aware of his situation;
   c. Whether Miranda warnings were given prior to interrogation, and whether defendant understood and waived his rights;
   d. Whether defendant had the opportunity to confer with counsel or anyone else prior to interrogation;
   e. Whether defendant's statement was made during interrogation rather than volunteered;
   f. Whether any overt or implied threat or promise was directed toward the defendant;
   g. The method and style employed by interrogation;
   h. The length and place of interrogation;
   i. The defendant's mental and physical condition immediately prior to and during the interrogation;
   j. The defendant's educational background, employment status, prior experience with law enforcement and the criminal justice system.

*People v. Gennings*, 808 P.2d 830 (Colo. 1991).

6. Subtle forms of psychological coercion by police may be sufficient to render a statement involuntary. The intoxication of a suspect is also relevant in determining whether his waiver of rights and statements to police were voluntary. *See People v. Helm*, 633 P.2d 1071 (Colo. 1981).

7. The personal characteristics of a defendant are relevant as to how the characteristics relate to external police conduct, and how the characteristic shows the defendant's vulnerability to coercion by law enforcement. *Connelly*, 479 U.S. at 163-165. This inquiry does not center on whether the defendant was able to exercise "free will" in deciding to talk to law enforcement, but rather "relates to the ability of the defendant to make a rational and free choice under the circumstances." *Id.*

8. In *People v. Vigil*, law enforcement believed he witnessed an illegal drug transaction and contacted Mr. Vigil by activating his overhead emergency lights and pulling up next to him. *People v. Vigil*, 242 P.3d 1092, 1094 (Colo. 2010). Mr. Vigil indicated he did not wish to speak with law enforcement by using a string of profanities and waiving his arms. *Id.* In response, law enforcement had Mr. Vigil put his hands on the hood of the car and submit to a frisk due to officer safety. *Id.* Mr. Vigil refused and attempted to leave when another officer arrived. *Id.* The officers grabbed Mr. Vigil's shirt and struck him with a martial arts back fist to his face. *Id.* Once Mr. Vigil was on the ground, law enforcement sprayed Mr. Vigil with a chemical repellant and struck him with a metal baton. *Id.* As law enforcement were cuffing Mr. Vigil, Mr. Vigil stated "alright, alright, I'll give you the shit. It's in my left front pocket." *Id.* Subsequently, law enforcement obtained baggies of cocaine in Mr. Vigil's pocket. *Id.* The Colorado Supreme Court held that this admission by Mr. Vigil was the product of coercive police action and upheld the suppressed the statements as involuntary. *Id.* at 1096.

9. Here, Mr. Redhouse's statements were involuntarily given. Mr. Redhouse appeared to be intoxicated. Additionally, law enforcement subjected Mr. Redhouse to significant physical force. When law enforcement arrived on scene, they drew their weapons and pointed them at Mr. Redhouse. Mr. Redhouse was immediately placed into handcuffs. Additionally, law enforcement arrested another individual in front of Mr. Redhouse. Shortly, thereafter, law enforcement put Mr. Redhouse into a patrol car and placed him in a hobble leg restraint. While administering the hobble leg restraint, law enforcement asked Mr. Redhouse if he wanted this "Marine Corp style." Law enforcement exploited Mr. Redhouses's vulnerability to obtain incriminating statements against Mr. Redhouses's will.

## II.  UNLAWFULLY OBTAINED STATEMENTS MADE BY MR. REDHOUSE SHOULD BE EXCLUDED FROM TRIAL

1. Involuntary statements must be suppressed as violations of the due process clause. *See People v. Miranda-Olivas*, 41 P.3d 658 (Colo. 2001); *People v. Vigil*, 242 P.3d 1092 (Colo. 2010).

WHEREFORE, Mr. Redhouse moves this court to suppress any and all statements Mr. Redhouse made on May 24, 2020 pursuant to his rights under the 4th, 5th, 6th, and 14th amendments to the United States Constitution and the Colorado State Constitution, Article II §§ 7, 16, 18, 23, and 25.

/s/ Susan E. Bandy
Susan E. Bandy, #50564                                              **Certificate of Service**

Deputy State Public Defender

Dated: September 4, 2020

I hereby certify that on September 4, 2020, I served the foregoing document to all opposing counsel of record.

/s/ Susan E. Bandy_____

| | |
|---|---|
| DISTRICT COURT, LA PLATA COUNTY, COLORADO<br>Court Address<br>1060 EAST 2ND AVENUE, ROOM 106, DURANGO, CO, 81301-5157 | DATE FILED: August 31, 2020 8:28 AM |
| THE PEOPLE OF THE STATE OF COLORADO<br>v<br>**Defendant(s)** CHAD CHANDLER REDHOUSE | ⚠ COURT USE ONLY ⚠ |
| | Case Number  2020CR237<br>Division. 2          Courtroom |

**Order:RE: UNOPPOSED MOTION FOR A PERSONAL RECOGNIZE BOND WITH PRETRIAL SERVICES AND AN UNOPPOSED REQUEST FOR PERMISSION TO LEAVE THE STATE**

The motion/proposed order attached hereto  GRANTED

Defendant is granted a personal recognizance bond in the amount of $1,000 00  Not consumption of alcohol or drugs of abuse  Release to Pretrial Services with testing

So Ordered

Issue Date.  8/31/2020

WILLIAM LAURENCE HERRINGER
District Court Judge

| | |
|---|---|
| DISTRICT COURT, LA PLATA COUNTY<br>1060 E 2ND AVE, DURANGO, CO 81301 | |
| THE PEOPLE OF THE STATE OF COLORADO,<br>Plaintiff<br><br>v.<br><br>**Chad Redhouse,**<br>Defendant | |
| | Case No. 20CR237 |
| ORDER:RE: UNOPPOSED MOTION FOR A PERSONAL RECOGNIZE BOND WITH PRETRIAL SERVICES AND AN UNOPPOSED REQUEST FOR PERMISSION TO LEAVE THE STATE | |

THIS MATTER having come before the Court on Defendant's **UNOPPOSED MOTION FOR A PERSONAL RECOGNIZE BOND WITH PRETRIAL SERVICES AND AN UNOPPOSED REQUEST FOR PERMISSION TO LEAVE THE STATE**, the Court hereby

[ ]    Grants Defendant's motion

[ ]    Grants Defendant's motion and orders _____

_____

[ ]    Grants Defendant's motion in a part and orders _____

_____

[ ]    Denies Defendant's motion

DONE THIS _____ day of _____, 2020.


BY THE COURT.


_____

Judge

Attachment to Order - 2020CR237



# Durango Police Department
Officer Report for Incident P20-11615

| | |
|---|---|
| **Nature:** BURGLARY | **Address:** 726 E 2ND AV; ROCHESTER HOTEL ; GARDEN |
| **Location:** 3111 | Durango CO 81301 |

**Offense Codes:** 2231, 3833, 2318, 2904, 1313, 2232
**Received By:** HARRIS A J    **How Received:** T    **Agency:** DPD
**Responding Officers:** JACKSON P, HARVEY C, KELLY M, CONROY D, MATHEWS C, GRIFFITH B
**Responsible Officer:** JACKSON P    **Disposition:** CAA 05/24/20
**When Reported:** 01:51:05 05/24/20    **Occurred Between:** 01:51:00 05/24/20 and 01:51:41 05/24/20

**Assigned To:**    **Detail:**    **Date Assigned:** **/**/**
**Status:**    **Status Date:** **/**/**    **Due Date:** **/**/**

**Complainant:**
**Last:**    **First:**    **Mid:**
**DOB:** **/**/**    **Dr Lic:**    **Address:**
**Race:**    **Sex:**    **Phone:**    **City:**  ,

## Offense Codes
| | | |
|---|---|---|
| **Reported:** 7334 NEIGHBORHOOD DISTURBANCE | | **Observed:** 2231 BURGLARY- 1st degree |

**Additional Offense:** 2231 BURGLARY- 1st degree
**Additional Offense:** 3833 Domestic Violence
**Additional Offense:** 2318 THEFT <$50 (P1)
**Additional Offense:** 2904 CRIMINAL MISCHIEF $1000<$5,000
**Additional Offense:** 1313 ASSAULT
**Additional Offense:** 2232 Burglary 2nd Degree

## Circumstances
BM88 No Bias
NIGHT Night (6 p.m. - 6 a.m.)
LT14 Hotel, Motel, Etc.
SUA Suspected, Alcohol Use
WNONE No Weapon Used
ARRF Arrest Felony

**Responding Officers:**    **Unit :**

05/26/20

|                |       |
|----------------|-------|
| JACKSON P      | 173   |
| HARVEY C       | 168   |
| KELLY M        | 155   |
| CONROY D       | 159   |
| MATHEWS C      | 165   |
| GRIFFITH B     | 152   |

| | | | |
|---|---|---|---|
| **Responsible Officer:** | JACKSON P | **Agency:** | DPD |
| **Received By:** | HARRIS A J | **Last Radio Log:** | 03:24:06 05/24/20 C |
| **How Received:** | T Telephone | **Clearance:** | 2 Arrest |
| **When Reported:** | 01:51:05 05/24/20 | **Disposition:** | CAA  **Date:**  05/24/20 |
| **Judicial Status:** | | **Occurred between:** | 01:51:00 05/24/20 |
| **Misc Entry:** | BRENNAN C | **and:** | 01:51:41 05/24/20 |

| **Modus Operandi:** | **Description :** | **Method :** |
|---|---|---|

## Involvements

| Date | Type | Description | |
|------|------|-------------|---|
| 05/26/20 | Booking | Booking#: 28768 | In Custody Arrest |
| 05/26/20 | Booking | Booking#: 28769 | In Custody Arrest |
| 05/24/20 | Name | KOMICK, KIRK ANTHONY | Reporting Party |
| 05/24/20 | Name | BROWN, MICHELLE LEE NUNEZ | Victim/Offender |
| 05/24/20 | Name | ROCHESTER HOTEL, | Victim |
| 05/24/20 | Name | REDHOUSE, CHAD CHANDLER | Offender |
| 05/24/20 | Offense | Offense#: 44028 - 3F - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44029 - 6F - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44030 - 1P - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44031 - 3F - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44032 - 6F - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44033 - 1M - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44034 - 1P - 1 count | Charged With |
| 05/24/20 | Offense | Offense#: 44035 - - 1 count | Charged With |
| 05/24/20 | Cad Call | 01:51:05 05/24/20 DISTURBANCE | Initiating Call |
| 05/24/20 | Property | Backpack & Contents 1 | Safekeeping |
| 05/24/20 | Property | MUL Knife UNK Folding 1 | Evidence |
| 05/24/20 | Property | BLK Bicycle Huffy Backwater 200 | Safekeeping |
| 05/24/20 | Property | TAN Bicycle Trek 7.3 FS Rd Bike 200 | Safekeeping |
| 05/24/20 | Property | MUL Soap Rochester logo round soap 2.5 | Evidence |
| 05/24/20 | Property | MUL Soap Rochester Logo round soap 2.5 | Recovered |
| 05/24/20 | Property | MUL Air Freshener Glade can 5 | Recovered |
| 05/24/20 | Property | BLK Book reciept book restaurant 5 | Recovered |
| 05/24/20 | Property | SIL Cup metal bar use type 10 | Recovered |

| 05/24/20 | Property | MUL Alcohol various spirits and beer 50 | Stolen |
| 05/24/20 | Property | MUL Extinguisher fire wall bracket 20 | Damaged |
| 05/24/20 | Property | MUL Furniture various couches chairs 100 | Damaged |
| 05/24/20 | Property | MUL Cabinet alcohol storage 100 | Damaged |
| 05/24/20 | Property | MUL Decoration plants and smal decorations 50 | Damaged |
| 05/24/20 | Property | MUL Decoration john wayne art 50 | Damaged |
| 05/24/20 | Property | MUL Paper flyers various 5 | Damaged |
| 05/24/20 | Property | MUL Rack coat rack metal 20 | Damaged |
| 05/24/20 | Property | MUL Heater floor heater damaged end cap 100 | Damaged |

## Narrative

DURANGO POLICE DEPARTMENT
NARRATIVE

INCIDENT#: P20-11615
INCIDENT DATE: 05/24/2020
TIME: 0151
OFFICER: P Jackson
VEHICLE# 247

**AXON EVIDENCE**
BODY CAM VIDEOS: 1
FLEET VIDEOS: 1
CAPTURE PHOTOS: 1
CAPTURE VIDEOS:
CAPTURE AUDIO:
CITIZEN IMPORTS:

On 05/24/2020 at approximately 0151 hours, I responded to the Rochester Hotel, located at 726 E 2nd Ave, for a report of a male versus female verbal disturbance. The reporting party advised that the subjects were possibly attempting to steal a bicycle and have broken into the hotel. The reporting party called the Durango Communications Center from the Leland House, directly west of the Rochester Hotel. The reporting party provided officers with a key to the front door of the hotel, which was used to gain entry inside.

Upon arrival on scene, I could see two subjects inside the hotel, a male who was dragging a female across the floor. Due to the nature of the call, I drew my service pistol, and entered the hotel via the door facing East 2nd Ave. I gave several loud commands to the male subject to get down on the floor and pointed my service pistol towards the male, which he ultimately complied with my commands. While making entry into the hotel, I could see that the entryway and lobby area was in disarray, with several items strewn about. As Officers entered the hotel, the male was yelling unintelligibly while he was dragging the female across the floor by both of her arms. The female was screaming and crying as officers approached the subjects.

Once the male was on the floor, I instructed the male to put his hands behind his back, to which he also complied. I then put hand cuffs on the male subject and immediately performed a pat down search of him, checking for weapons. I located a wallet and identified the male as Chad Chandler Redhouse, via a New Mexico Driver's License. The female, who was later identified, as Michelle Lee Nunez Brown, was also placed into handcuffs immediately upon contact. Both Michelle and Chad were placed into the back seat of separate marked patrol vehicles. While escorting Chad outside the hotel to a marked patrol vehicle, Chad stated that the female was his girlfriend.

After both subjects were secured in marked patrol vehicles, I returned inside the hotel to further investigate the scene. No other persons were located inside the hotel during a security sweep of the hotel. Michelle complained of back pain while being escorted to my patrol vehicle. Emergency Medical Personnel were summoned to examine Michelle for injuries. Emergency Medical Personnel cleared her on scene and Michelle remained secured in my patrol vehicle. Both Chad and Michelle were heavily intoxicated and smelled of unknown alcoholic beverages.

Inside the lobby area, I saw several containers of beer and spirituous liquor about the lobby, open and consumed from, which appeared to have been removed

from the bar area of the lobby. There were also several small decorations knocked over and their contents spilled on the lobby furniture. In the entryway from the front door to the lobby a coat rack was knocked over, papers were all over the floor, and artwork was missing from a hanger on the wall. In the lobby there were stains on the lobby furniture, cleaning supplies thrown about, approximately four (4) wine gift baskets torn apart, and several small succulent plants damaged. On the second floor of the hotel, a baseboard heater in the hallway had damage to the end cap as well as a fire extinguisher has been removed from a wall.

Upon further inspection of the bar area, the cabinets where the alcoholic beverages are stored were forced open, broken glass on the floor, and various bar items that appeared to have been recently used. Outside the hotel in the patio area, a backpack belonging to Michelle was located and searched. Inside her backpack I found several cans of beer, a metal bar cup, toiletries with the Rochester Hotel logo on them, a receipt book, and a can of air freshener. The scene was photographed thoroughly, and all photographs were uploaded to evidence.com.

The hotel has been closed for business, due to the COVID-19 outbreak, and was thought to be secured properly. From the investigation on scene, it is believed that Michelle and Chad entered the hotel via the exterior window of room 101, which was discovered to have a broken locking mechanism. Outside of the window to room 101, the mulching appeared to have shoe shaped markings in it. It is unknown how long Chad and Michelle were inside the hotel. The reporting party estimated the total amount for all damages to be approximately $2000.00 United States Dollars. The approximate value of the items inside Michelle's backpack and on her person was estimated at $25.00 United States Dollars.

While in the back seat of the patrol vehicle Chad became enraged and was kicking the partition in the vehicle. A leg hobble was applied to Chad, to prevent him from harming himself or damaging the patrol vehicle. Chad was transported to the La Plata County Jail and booked for the above charges. Chad was previously contacted for an unrelated incident on 5/23/20 at approximately 2128 hours, were he stated that Michelle is his wife (P20-11590).

Michelle would not answer my questions about why she was being dragged by Chad or the relationship between her and Chad. Michelle was then transported to the La Plata County Jail and booked for the above charges. A VINE flyer and Victim Services pamphlet was placed in Michelle's property at the jail. The notice to appear was not given to Michelle, as it is unknown when she will be released from jail. Alternative Horizons was also not notified due to Michelle being booked into the jail.

All photographs taken were uploaded to evidence.com

Nothing further at this time.

_____

**Responsible LEO:**

_____

Case 1:20-cv-02925-GPG   Document 1   Filed 09/28/20   USDC Colorado   Page 30 of 57

Approved by:

_____
Date

05/26/20

## Supplement

DURANGO POLICE DEPARTMENT
SUPPLEMENTAL NARRATIVE

INCIDENT#: P20-11615
INCIDENT DATE: 05/24/2020
TIME: 0151
OFFICER: Devin Conroy #7840
VEHICLE# 246

**AXON EVIDENCE**
BODY CAM VIDEOS: 1
FLEET VIDEOS:
CAPTURE PHOTOS:
CAPTURE VIDEOS:
CAPTURE AUDIO:
CITIZEN IMPORTS:

NARRATIVE:

On May 24, 2020 at approximately 0151 hours, I was working patrol in the City
limits of Durango, which is located in La Plata County, Colorado. I was dressed
in full police uniform, displaying my badge of office for the City of Durango
and driving a fully marked police unit. I responded to a call of a theft at 726
E. 2nd Avenue. Dispatch advised that two subjects were attempting to steal a
bicycle at the Rochester Hotel. Dispatch further advised that the subjects had
gained entry into the Rochester Hotel.

Officers arrived on scene and located two subjects in the hotel. The male
offender was Chad Redhouse and the female offender was Michelle Brown. I arrived
and observed the Rochester Hotel in complete disarray. I noticed wine baskets
strewn about the lobby area with confetti basket filling all over the place. I
noticed broken glass behind the bar area. I also noticed a coat rack had been
knocked over in the entry hallway and pictures and paper were all over the
ground. I further noticed several empty Sierra Nevada beer cans. I also noticed
a Tanqueray Gin bottle that had been out in the lobby area. That gin bottle had
a pour stout on it, showing that it had been from behind the bar area.

Once Brown was placed into handcuffs, I escorted her outside to Officer
Jackson's patrol vehicle. While walking outside, I noticed a strong smell of an
unknown alcoholic odor emitting from her breath. Brown was unsteady on her feet
and continually spoke of back pain as she intermittently cried. I placed Brown
into the back seat of Officer Jackson's patrol vehicle and had Officer Jackson
radio for medics to come and check Brown out.

Redhouse had already been transported to Officer Griffith's vehicle. As I walked
back to the entryway of the Rochester Hotel, I overheard kicking inside of
Officer Griffith's vehicle. I observed Redhouse using his foot to kick at the
plexi-glass partition inside of the patrol vehicle. Specifically, Redhouse was
kicking the sliding portion of the plexi-glass, which is the weakest part of the
divider. I opened the rear passenger door and addressed Redhouse. He was
screaming and yelling at us. We devised a plan to put him into a hobble to
secure and restrain his feet from further kicking the partition.

Redhouse leaned towards me, so I pushed him backwards into the vehicle and
grabbed his legs while Officer Griffith secured his feet in a hobble. As Officer
Griffith attempted to close the door, I lost control of the hobble and we could

not properly secure Redhouse's feet. We eventually re-opened the door and re-secured the hobble leash outside of the patrol vehicle door, ensuring that he could not further use his feet to damage the patrol vehicle.

Redhouse was verbally uncooperative and elevating to a more enraged state. He was transported to La Plata County Jail for burglary and other charges.

At approximately 05:15 hours, Officer Jackson called me and asked if I could recall a former incident involving Redhouse and Brown from an Albertson's call. I informed Officer Jackson that I did recall Redhouse and Brown. He asked if I overheard what Redhouse referred to Brown as, in regards to their relationship. I informed Officer Jackson that Redhouse referred to Brown as his wife. (P20-11589).

PLEASE SEE OTHER OFFICERS REPORTS FOR FURTHER DETAILS AND INFORMATION.

END OF REPORT.

## Supplement

DURANGO POLICE DEPARTMENT
SUPPLEMENTAL NARRATIVE

INCIDENT#: P20-11615
INCIDENT DATE: 05/24/2020
TIME: 0151 Hours
OFFICER: C. Mathews #7717
VEHICLE#245

**AXON EVIDENCE**
BODY CAM VIDEOS: 1
FLEET VIDEOS:
CAPTURE PHOTOS:
CAPTURE VIDEOS:
CAPTURE AUDIO:
CITIZEN IMPORTS:

On this date and time I responded to 726 E 2nd Avenue for a call of a disturbance between a male and a female. The reporting party advised that the male and female were possibly trying to steal a bicycle and appeared to have broken into the Rochester Hotel.

Ofc Jackson and I arrived on scene. I coordinated with incoming units to provide a perimeter on the Rochester Hotel and Leland House. Upon our approach to the front of the hotels we heard the reporting party who was standing on the balcony of the Leland House which is located directly across from the Rochester Hotel talking to us. The reporting party, identified as Kirk Komick, provided us with a key to the front door of the Rochester so we could enter the Rochester Hotel. As we approached the front door of the Rochester Hotel, I saw two subjects inside. The female was laying on the ground on her back with her hands behind her head, and the male standing over hear. The male subject grabbed the female by the arms and began to drag her across the floor. Due to the nature of the call and what we observed inside the hotel, Ofc Jackson and I drew our service pistols. I unlocked the door of the Rochester Hotel and Ofc Jackson made entry first with myself behind him. The male, while still dragging the female was yelling unintelligibly and the female was crying saying something unintelligibly. Ofc Jackson gave several loud commands to the male to get on the floor, to which the male complied. While we were making our way down the hallway, I observed that the entryway and lobby had multiple items strewn about on the ground. The female subject stayed laying on the ground with her hands behind her head. Ofc Jackson handcuffed the male subject. After the male was secure and the scene was secured, I opened the back door to let other officers in.

As I returned to Ofc Jackson, I had Ofc Kelley and Harvey check on the female and let Sgt Conroy into the building. Ofc Jackson located the males wallet and we were able to identify him as Chad Chandler Redhouse. The female was later identified as Michelle Nunez. Ofc Harvey secured Nunez. I asked Ofc Harvey and Sgt Conroy to move Nunez to the side so that we could take Redhouse out of the building and secure him in a marked patrol vehicle. As Redhouse was being escorted out he stated that Nunez was his girlfriend. Redhouse was escorted out to the nearest patrol vehicle. Nunez was then escorted out the a marked patrol vehicle. I re-entered the building and began to search for the point of entry and damages. I asked Ofc Kelley to bring Komick to the building to begin to look around for damages. As I was waiting for Komick to come in I heard

Case 1:20-cv-02925-GPG   Document 1   Filed 09/28/20   USDC Colorado   Page 35 of 57

Redhouse yelling outside.  I went to assist officers outside that were with
Redhouse.  Redhouse was yelling and appeared to be non-compliant with officers.
I went to the opposite side of the vehicle and entered in to assist with
securing Redhouse inside the vehicle.  Officers used a hobble to keep Redhouse
from kicking.  Once the hobble was placed on Redhouse and the door was secured I
let go of Redhouse and exited out the driver's side rear door.  Redhouse was
yelling as I exited and shut the door.   I conferred with other officers about
what Ofc Jackson and I observed initially.  The decision was made to re-adjust
Redhouse better in the back seat.  I went back to the driver's side rear door
and reentered the back seat to assist.

Redhouse was yelling as I entered the vehicle.  I assisted Redhouse onto the
back seat and gave Ofc Griffith the seatbelt to secure Redhouse.  Redhouse began
to yell again.  Redhouse was yelling something about the Marine Corps.  Redhouse
was secured in the backseat.  I told Redhouse that he wasn't acting as a Marine.

I returned to the building to take video of the scene and speak with Komick.  I
observed that a coat rack was laying on the floor of the main entryway, papers
were strewn about, multiple alcohol bottles were out of the liquor cabinet
(which Komick said was supposed to be closed and locked) and opened in the lobby
area, broken glass was around the bar area, paintings/pictures out of place, a
fire extinguisher on the table that should not be there, a knife on one of the
couches and 2 yoga mats were opened, and placed by the couches. Komick said that
due to Covid-19 they were completely empty.  I informed Komick that the side
door was unlocked when I looked at it.  Komick said that the doors  would have
locked .  Komick said he heard the sounds of banging outside and noticed that a
table had been pushed down.  Komick said that he saw Nunez walk in and was
waving her hands.  Komick said he was sleeping across the street to keep eyes on
the property.  Komick and I looked for damage upstairs also.  Upstairs we found
that there was part of a heater vent that had been broken off, straws and papers
strewn about.  Ofc Kelly took photographs of the scene and the damages (see Ofc
Kelley's report for further information).  Komick estimated the damages inside
the Rochester Hotel initially to be approximately $2,000.00.  Komick said with
what he was seeing that they had been in the hotel for a while.  Ofc Jackson
located a backpack with Nunez' ID in it as well as multiple other items (see Ofc
Jackson's report for further).  I asked Komick to open the locked rooms to check
for other damages or another point of entry.  In room 101 I found that the
window latch was broken off, the window was easily opened and it appeared that
there were outlines of footprints below the window.  It appeared that this may
have been the original point of entry.

Komick said that initially he was listening to the wrestling in the garden,
some crying and some stuff 'going on.'  Komick said then he heard banging and
saw that Nunez was inside the building and was running down the hallway looking
like she had just come in.  Komick said that Nunez wouldn't have had time to do
the damage that was inside in the short five minute period from when he first
saw them to when Law Enforcement showed up.

This concludes this report.  Nothing further at this time.

## Supplement

```
                    DURANGO POLICE DEPARTMENT
                    SUPPLEMENTAL NARRATIVE

INCIDENT#: P20-11615
INCIDENT DATE: 05/24/2020
TIME: 0151
OFFICER: B. Griffith
VEHICLE# 241

**AXON EVIDENCE**
BODY CAM VIDEOS: 1
FLEET VIDEOS: 1
CAPTURE PHOTOS:
CAPTURE VIDEOS:
CAPTURE AUDIO:
CITIZEN IMPORTS:
```

On the above date and time I arrived at the Rochester hotel to assist Officers just as they were placing the subjects into custody. Chad Redhouse was loaded into my patrol vehicle and I transported him to the La Plata County jail.

This concludes my involvement in this incident.

## Sentryx Booking Information:

| | | | |
|---|---|---|---|
| **Sentryx Booking Number:** 28768 | | **Name Number:** 21814 | |
| **Name:** BROWN, MICHELLE LEE NUNEZ | | **Address:** 375 E 8TH AV; #23 | |
| **Phone:** (310)266-6663 | | DRG CITY LIMITS, CO 81301 | |
| **DOB:** 08/24/66 | | **Dr Lic:** 950322299 | |
| **Assigned Bed:** " | | **Current Location:** " | |
| **Booking Date:** 05/24/20 | | | |

## Sentryx Arrest # 29039

| | | | |
|---|---|---|---|
| **Time/Date:** 10:31:51 05/26/20 | **Agency:** DPD | | |
| **Age at Arrest:** 53 | **Location:** 726 E 2ND AVE | **Officer:** | JACKSON P |
| **Arrest Type:** VIEW | **Area:** 3111 | **Reference:** | |
| **Disposition:** | | | |

## Sentryx Offense # 44028

| | | |
|---|---|---|
| **Statute:** 18-4-203(2)A | **NCIC:** 2232 | |
| **Offense:** 2232 Burglary 2nd Degree | **Crime Class:** 3F | |
| **Offense Reference:** | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | **Offense Location:** | |
| **Court Code:** 2 | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Offense # 44029

| | |
|---|---|
| **Statute:** 18-4-501 d | **NCIC:** |

| | | | |
|---|---|---|---|
| **Offense:** | 2904 CRIMINAL MISCHIEF $1000<$5,000 | **Crime Class:** | 6F |
| **Offense Reference:** | | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | | **Offense Location:** | |
| **Court Code:** 2 | | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Offense # 44030

| | | | |
|---|---|---|---|
| **Statute:** | 18-4-401(2)B | **NCIC:** | 2318 |
| **Offense:** | 2318 THEFT <$50 (P1) | **Crime Class:** | 1P |
| **Offense Reference:** | | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | | **Offense Location:** | |
| **Court Code:** 2 | | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Booking Information:

| | | | |
|---|---|---|---|
| **Sentryx Booking Number:** 28769 | | **Name Number:** 74141 | |
| **Name:** | REDHOUSE, CHAD CHANDLER | **Address:** | PO BOX 1535 |
| **Phone:** | (505)901-6103 | | KAYENTA, AZ 86033 |
| **DOB:** | 08/07/75 | **Dr Lic:** | B14522861 |
| **Assigned Bed:** | " | **Current Location:** | " |
| **Booking Date:** | 05/24/20 | | |

## Sentryx Arrest # 29040

| | | | | |
|---|---|---|---|---|
| **Time/Date:** | 10:37:38 05/26/20 | **Agency:** DPD | | |
| **Age at Arrest:** | 44 | **Location:** 726 E 2ND AVE | **Officer:** | JACKSON P |
| **Arrest Type:** | VIEW | **Area:** 3111 | **Reference:** | |
| **Disposition:** | | | | |

## Sentryx Offense # 44031

| | | | |
|---|---|---|---|
| **Statute:** | 18-4-202(2) | **NCIC:** | 2231 |
| **Offense:** | 2231 BURGLARY- 1st degree | **Crime Class:** | 3F |
| **Offense Reference:** | | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | | **Offense Location:** | |
| **Court Code:** 2 | | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Offense # 44032

| | | | |
|---|---|---|---|
| **Statute:** | 18-4-501 d | **NCIC:** | 2904 |
| **Offense:** | 2904 CRIMINAL MISCHIEF $1000<$5,000 | **Crime Class:** | 6F |

| | | |
|---|---|---|
| **Offense Reference:** | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | **Offense Location:** | |
| **Court Code:** 2 | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Offense # 44033

| | | |
|---|---|---|
| **Statute:** 18-3-204 | **NCIC:** 1313 | |
| **Offense:** 1313 ASSAULT | **Crime Class:** 1M | |
| **Offense Reference:** | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | **Offense Location:** | |
| **Court Code:** 2 | **Offense Time/Date:** 00:00:00 05/24/20 | |
| **Offense Disposition:** | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Offense # 44034

| | | |
|---|---|---|
| **Statute:** 18-4-401(2)B | **NCIC:** 2318 | |
| **Offense:** 2318 THEFT <$50 (P1) | **Crime Class:** 1P | |
| **Offense Reference:** | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | **Offense Location:** | |
| **Court Code:** 2 | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | **Disposition Date:** **:**:** **/**/** | |

## Sentryx Offense # 44035

| | | |
|---|---|---|
| **Statute:** 18-6-801 | **NCIC:** 3833 | |
| **Offense:** 3833 Domestic Violence | **Crime Class:** | |
| **Offense Reference:** | **Offense Type:** CRS | **Offense Area:** 3111 |
| **Related Incident:** P20-11615 | **Law Jurisdiction:** ST | |
| **Entry Code:** CRIM | **Offense Location:** | |
| **Court Code:** 2 | **Offense Time/Date:** 01:51:00 05/24/20 | |
| **Offense Disposition:** | **Disposition Date:** **:**:** **/**/** | |

## Property

| | | | |
|---|---|---|---|
| **Property Number:** | 94146 | | |
| **Item:** | Backpack | **Owner Applied Nmbr:** | |
| **Brand:** | & Contents | **Model:** | |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $1.00 | **Color:** | |
| **Owner:** | REDHOUSE CHAD CHANDLER 74141 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | GRIFFITH B |
| **UCR:** | OTH Other | **UCR Status:** | NAP |
| **Local Status:** | SFK | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94147 | | |
| **Item:** | Knife | **Owner Applied Nmbr:** | |
| **Brand:** | UNK | **Model:** | Folding |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | Camo and grey |
| **Total Value:** | $1.00 | **Color:** | MUL |
| **Owner:** | REDHOUSE CHAD CHANDLER 74141 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | KELLY M |
| **UCR:** | WEO Weapons - Other | **UCR Status:** | NAP |
| **Local Status:** | EIS | **Storage Location:** | Property Room |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | Knife found open on a couch in the same room where Redhouse was taken into custody | | |
| **Property Number:** | 94148 | | |
| **Item:** | Bicycle | **Owner Applied Nmbr:** | |
| **Brand:** | Huffy | **Model:** | Backwater |

|                      |                              |                      |                              |
|----------------------|------------------------------|----------------------|------------------------------|
| **Year:**            | 0                            | **Quantity:**        | 1                            |
| **Meas:**            |                              | **Serial Nmbr:**     | K65569265712                 |
|                      |                              |                      | F65C                         |
| **Total Value:**     | $200.00                      | **Color:**           | BLK                          |
| **Owner:**           | REDHOUSE CHAD CHANDLER 74141 |                      |                              |
| **Agency:**          | DPD Durango Police Department| **Tag Number:**      |                              |
| **Accum Amt Recov:** | $0.00                        | **Officer:**         | KELLY M                      |
| **UCR:**             | BIC Bicycles                 | **UCR Status:**      | NAP                          |
| **Local Status:**    | SFK                          | **Storage Location:**| Property Room                |
| **Crime Lab Number:**|                              | **Status Date:**     | 05/24/20                     |
| **Date Released:**   | **/**/**                     | **Date Recov/Rcvd:** | **/**/**                     |
| **Released By:**     |                              | **Amt Recovered:**   | $0.00                        |
| **Released To:**     |                              | **Custody:**         | **:**:** **/**/**            |
| **Reason:**          |                              |                      |                              |
| **Comments:**        | Chad's Mtn bike left on scene at burglary |         |                              |
| **Property Number:** | 94149                        |                      |                              |
| **Item:**            | Bicycle                      | **Owner Applied Nmbr:** |                           |

|                      |                              |                      |                              |
|----------------------|------------------------------|----------------------|------------------------------|
| **Brand:**           | Trek                         | **Model:**           | 7.3 FS Rd Bike               |
| **Year:**            | 0                            | **Quantity:**        | 1                            |
| **Meas:**            |                              | **Serial Nmbr:**     | WTU179C2340                  |
|                      |                              |                      | C                            |
| **Total Value:**     | $200.00                      | **Color:**           | TAN                          |
| **Owner:**           | BROWN MICHELLE LEE NUNEZ 21814 |                    |                              |
| **Agency:**          | DPD Durango Police Department| **Tag Number:**      |                              |
| **Accum Amt Recov:** | $0.00                        | **Officer:**         | KELLY M                      |
| **UCR:**             | BIC Bicycles                 | **UCR Status:**      | NAP                          |
| **Local Status:**    | SFK                          | **Storage Location:**| Property Room                |
| **Crime Lab Number:**|                              | **Status Date:**     | 05/24/20                     |
| **Date Released:**   | **/**/**                     | **Date Recov/Rcvd:** | **/**/**                     |
| **Released By:**     |                              | **Amt Recovered:**   | $0.00                        |
| **Released To:**     |                              | **Custody:**         | **:**:** **/**/**            |
| **Reason:**          |                              |                      |                              |
| **Comments:**        | Michelle's bike left on scene of burglary |          |                              |
| **Property Number:** | 94154                        |                      |                              |
| **Item:**            | Soap                         | **Owner Applied Nmbr:** |                           |

|                      |                              |                      |                              |
|----------------------|------------------------------|----------------------|------------------------------|
| **Brand:**           | Rochester logo               | **Model:**           | round soap                   |
| **Year:**            | 0                            | **Quantity:**        | 1                            |
| **Meas:**            |                              | **Serial Nmbr:**     |                              |
| **Total Value:**     | $2.50                        | **Color:**           | MUL                          |
| **Owner:**           | ROCHESTER HOTEL 26818        |                      |                              |

| | | | |
|---|---|---|---|
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | OTH Other | **UCR Status:** | SRL |
| **Local Status:** | EIS | **Storage Location:** | DPD Property |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94155 | | |
| **Item:** | Soap | **Owner Applied Nmbr:** | |

| | | | |
|---|---|---|---|
| **Brand:** | Rochester Logo | **Model:** | round soap |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $2.50 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $2.50 | **Officer:** | JACKSON P |
| **UCR:** | OTH Other | **UCR Status:** | SRL |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | 05/24/20 |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94156 | | |
| **Item:** | Air Freshener | **Owner Applied Nmbr:** | |

| | | | |
|---|---|---|---|
| **Brand:** | Glade | **Model:** | can |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $5.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $5.00 | **Officer:** | JACKSON P |
| **UCR:** | OTH Other | **UCR Status:** | SRL |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | 05/24/20 |

|                        |                          |                    |                      |
|------------------------|--------------------------|--------------------|----------------------|
| **Released By:**       |                          | **Amt Recovered:** | $0.00                |
| **Released To:**       |                          | **Custody:**       | **:**:** **/**/**    |
| **Reason:**            |                          |                    |                      |
| **Comments:**          |                          |                    |                      |
| **Property Number:**   | 94157                    |                    |                      |
| **Item:**              | Book                     | **Owner Applied Nmbr:** |                  |

|                        |                          |                    |                      |
|------------------------|--------------------------|--------------------|----------------------|
| **Brand:**             | reciept book             | **Model:**         | restaurant           |
| **Year:**              | 0                        | **Quantity:**      | 1                    |
| **Meas:**              |                          | **Serial Nmbr:**   |                      |
| **Total Value:**       | $5.00                    | **Color:**         | BLK                  |
| **Owner:**             | ROCHESTER HOTEL 26818    |                    |                      |
| **Agency:**            | DPD Durango Police Department | **Tag Number:** |                  |
| **Accum Amt Recov:**   | $5.00                    | **Officer:**       | JACKSON P            |
| **UCR:**               | OEQ Office-Type Equipment | **UCR Status:**   | SRL                  |
| **Local Status:**      | III                      | **Storage Location:** |                   |
| **Crime Lab Number:**  |                          | **Status Date:**   | 05/24/20             |
| **Date Released:**     | **/**/**                 | **Date Recov/Rcvd:** | 05/24/20           |
| **Released By:**       |                          | **Amt Recovered:** | $0.00                |
| **Released To:**       |                          | **Custody:**       | **:**:** **/**/**    |
| **Reason:**            |                          |                    |                      |
| **Comments:**          |                          |                    |                      |
| **Property Number:**   | 94158                    |                    |                      |
| **Item:**              | Cup                      | **Owner Applied Nmbr:** |                  |

|                        |                          |                    |                      |
|------------------------|--------------------------|--------------------|----------------------|
| **Brand:**             | metal                    | **Model:**         | bar use type         |
| **Year:**              | 0                        | **Quantity:**      | 1                    |
| **Meas:**              |                          | **Serial Nmbr:**   |                      |
| **Total Value:**       | $10.00                   | **Color:**         | SIL                  |
| **Owner:**             | ROCHESTER HOTEL 26818    |                    |                      |
| **Agency:**            | DPD Durango Police Department | **Tag Number:** |                  |
| **Accum Amt Recov:**   | $10.00                   | **Officer:**       | JACKSON P            |
| **UCR:**               | HHG Household Goods       | **UCR Status:**   | SRL                  |
| **Local Status:**      | III                      | **Storage Location:** |                   |
| **Crime Lab Number:**  |                          | **Status Date:**   | 05/24/20             |
| **Date Released:**     | **/**/**                 | **Date Recov/Rcvd:** | 05/24/20           |
| **Released By:**       |                          | **Amt Recovered:** | $0.00                |
| **Released To:**       |                          | **Custody:**       | **:**:** **/**/**    |
| **Reason:**            |                          |                    |                      |
| **Comments:**          |                          |                    |                      |
| **Property Number:**   | 94159                    |                    |                      |

05/26/20

| | | | |
|---|---|---|---|
| **Item:** | Alcohol | **Owner Applied Nmbr:** | |
| **Brand:** | various spirits | **Model:** | and beer |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $50.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | ALC Alcohol | **UCR Status:** | SNR |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94160 | | |
| **Item:** | Extinguisher | **Owner Applied Nmbr:** | |
| **Brand:** | fire | **Model:** | wall bracket |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $20.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | OMV Other Motor Vehicles | **UCR Status:** | DDV |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94161 | | |
| **Item:** | Furniture | **Owner Applied Nmbr:** | |
| **Brand:** | various couches | **Model:** | chairs |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $100.00 | **Color:** | MUL |

|  |  |  |  |
|---|---|---|---|
| **Owner:** | ROCHESTER HOTEL 26818 | **Tag Number:** | |
| **Agency:** | DPD Durango Police Department | **Officer:** | JACKSON P |
| **Accum Amt Recov:** | $0.00 | **UCR Status:** | DDV |
| **UCR:** | HHG Household Goods | **Storage Location:** | |
| **Local Status:** | III | **Status Date:** | 05/24/20 |
| **Crime Lab Number:** | | **Date Recov/Rcvd:** | **/**/** |
| **Date Released:** | **/**/** | **Amt Recovered:** | $0.00 |
| **Released By:** | | **Custody:** | **:**:** **/**/** |
| **Released To:** | | | |
| **Reason:** | | | |
| **Comments:** | various stains on furniture | | |
| **Property Number:** | 94162 | | |
| **Item:** | Cabinet | **Owner Applied Nmbr:** | |

|  |  |  |  |
|---|---|---|---|
| **Brand:** | alcohol storage | **Model:** | |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $100.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | **Tag Number:** | |
| **Agency:** | DPD Durango Police Department | **Officer:** | JACKSON P |
| **Accum Amt Recov:** | $0.00 | **UCR Status:** | DDV |
| **UCR:** | SST Struct, Storage | **Storage Location:** | |
| **Local Status:** | III | **Status Date:** | 05/24/20 |
| **Crime Lab Number:** | | **Date Recov/Rcvd:** | **/**/** |
| **Date Released:** | **/**/** | **Amt Recovered:** | $0.00 |
| **Released By:** | | **Custody:** | **:**:** **/**/** |
| **Released To:** | | | |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94163 | | |
| **Item:** | Decoration | **Owner Applied Nmbr:** | |

|  |  |  |  |
|---|---|---|---|
| **Brand:** | plants and smal | **Model:** | decorations |
| **Year:** | 0 | **Quantity:** | 1.00 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $50.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | **Tag Number:** | |
| **Agency:** | DPD Durango Police Department | **Officer:** | JACKSON P |
| **Accum Amt Recov:** | $0.00 | **UCR Status:** | DDV |
| **UCR:** | OTH Other | **Storage Location:** | |
| **Local Status:** | III | **Status Date:** | 05/24/20 |
| **Crime Lab Number:** | | | |

| | | | |
|---|---|---|---|
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94164 | | |
| **Item:** | Decoration | **Owner Applied Nmbr:** | |

| | | | |
|---|---|---|---|
| **Brand:** | john wayne | **Model:** | art |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $50.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | HHG Household Goods | **UCR Status:** | DDV |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94165 | | |
| **Item:** | Paper | **Owner Applied Nmbr:** | |

| | | | |
|---|---|---|---|
| **Brand:** | flyers | **Model:** | various |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $5.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | OTH Other | **UCR Status:** | DDV |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94166 | | |

| | | | |
|---|---|---|---|
| **Item:** | Rack | **Owner Applied Nmbr:** | |
| **Brand:** | coat rack | **Model:** | metal |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $20.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | HHG Household Goods | **UCR Status:** | DDV |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |
| **Property Number:** | 94167 | | |
| **Item:** | Heater | **Owner Applied Nmbr:** | |
| **Brand:** | floor heater | **Model:** | damaged end cap |
| **Year:** | 0 | **Quantity:** | 1 |
| **Meas:** | | **Serial Nmbr:** | |
| **Total Value:** | $100.00 | **Color:** | MUL |
| **Owner:** | ROCHESTER HOTEL 26818 | | |
| **Agency:** | DPD Durango Police Department | **Tag Number:** | |
| **Accum Amt Recov:** | $0.00 | **Officer:** | JACKSON P |
| **UCR:** | SCB Struct, Other Commerc or Busin | **UCR Status:** | DDV |
| **Local Status:** | III | **Storage Location:** | |
| **Crime Lab Number:** | | **Status Date:** | 05/24/20 |
| **Date Released:** | **/**/** | **Date Recov/Rcvd:** | **/**/** |
| **Released By:** | | **Amt Recovered:** | $0.00 |
| **Released To:** | | **Custody:** | **:**:** **/**/** |
| **Reason:** | | | |
| **Comments:** | | | |

## Name Involvements:

**Victim/Offender** 21814
:

| | | | | | |
|---|---|---|---|---|---|
| **Last:** | BROWN | **First:** | MICHELLE | **Mid:** | LEE NUNEZ |
| **DOB:** | 08/24/66 | **Dr Lic:** | 950322299 | **Address:** | 375 E 8TH AV; #23 |
| **Race:** W | **Sex:** F | **Phone:** | (310)266-6663 | **City:** | DRG CITY LIMITS, CO 81301 |

**Reporting Party** 7945
:

| | | | | | |
|---|---|---|---|---|---|
| **Last:** | KOMICK | **First:** | KIRK | **Mid:** | ANTHONY |
| **DOB:** | 08/18/65 | **Dr Lic:** | 921252454 | **Address:** | 721 E 2ND AV |
| **Race:** W | **Sex:** M | **Phone:** | (970)759-1944 | **City:** | DRG/UNINC LPC, CO 81301 |

**Offender :** 74141

| | | | | | |
|---|---|---|---|---|---|
| **Last:** | REDHOUSE | **First:** | CHAD | **Mid:** | CHANDLER |
| **DOB:** | 08/07/75 | **Dr Lic:** | B14522861 | **Address:** | PO BOX 1535 |
| **Race:** I | **Sex:** M | **Phone:** | (505)901-6103 | **City:** | KAYENTA, AZ 86033 |

**Victim :** 26818

| | | | | | |
|---|---|---|---|---|---|
| **Last:** | ROCHESTER HOTEL | **First:** | | **Mid:** | |
| **DOB:** | **/**/** | **Dr Lic:** | | **Address:** | 726 E 2ND AV |
| **Race:** | **Sex:** | **Phone:** ( ) - | | **City:** | DRG CITY LIMITS, CO 81301 |

05/26/20

Case # 20 CR 237

Aug. 17, 2020

Honorable Judge Williams Herringer,

My name is Chad Redhorse and I am writing in regards to the last time we spoke in your courtroom. As you had requested a letter be written to you about my claim, this claim is in regards to violations of my constitutional rights and unjust due process. The claim that I am raising is due to ineffectiveness of assistance of counsel's failure to investigate and inform me of new evidence prior to my preliminary hearing. Instead, my attorney had put the D.A.'s will and intentions ahead of my innocence, inducing me into a plea that the D.A. reneged on days later by switching the plea out with another plea I did not agree to waive my preliminary hearing to. However, my attorney failed to raise this objection at my arraignment. Thus, causing me to lose of out on my preliminary hearing and the substantial weight of it. Your Honor, I feel that even if I were granted another preliminary hearing it would not have the same immediacy as before. I also feel that due to the D.A.'s unprofessionalism and lack of integrity caused me to involuntarily lose my preliminary hearing.

(1)

Sept 1, 20

Honorable Judge William Herringer,

My name is Chad Redhouse and I'm writing in regards to the last time we spoke in your courtroom. As you had requested a letter be written to you about my claim, and that claim is in regards to alleged violations of my due process and constitutional rights.

The claim that I am raising is due to the prosecution failure to honor its promise in this case, and ineffective assistance of counsel by Mary Pero. On July 21, 2020 at defendant's preliminary hearing, defendant Chad Redhouse waived his right to his preliminary hearing due to being induced, coerced and threatened. However, the defendant states that before the commencement of that hearing, Ms. Pero conveyed prosecutions Zac Rodgers plea offer of a deferred sentence of 2 to 3 years of probation with a 3 year cap, with repaying restitution to the stated Manchester and other court fees. However, the restitution was undetermined at the time but Ms. Pero assured on record that she would know by Aug 7 2020 at defendant's arraignment. Ms. Pero also explains to defendant that the plea wasn't for sure but if the defendant pursued on with the hearing that there will be no other plea offers after. The defendant felt that possibly there was some kind of probable cause that existed

③

the due process clause of the 14th Amendment and its requirement that an accused "be treated with 'fairness' throughout the [criminal] process..." People v. Fisher, 657 P.2d 922, 927 (Colo. 1983) quoting Cooper v. United States, 594 F.2d 12, 16 (4th Cir. 1979); Santobello vs. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1979). That right to fairness requires, in turn, that "when a plea rests in any significant degree on a promise must be fulfilled." Santobello, 404 U.S. at 262, 92 S.Ct. at 499. The rationale of Santobello clearly extends beyond those cases in which a defendants reliance takes a form of a guilty plea. Fisher, 657 P.2d at 927-930. Also states a defendant is entitled to a "specific performance" of a plea agreement when "no other remedy is appropriate to effectuate the accused's legitimate expectations. engendered by governmental promises" Fisher 657 P.2d at 931. The defendant is entitled under Colo. statute and the Colorado Rules to a demand a preliminary hearing § 18-1-404 73 C.R.S. (1906); Crim. P. 5(a)(4) the purpose of a preliminary hearing is to screen out cases in the prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe the crime charged may have been committed by the defendant; Rex v. Sullivan, 194 Colo. 568, 571, P.2d 408, 410 (1978). If the court determines that no probable cause

(5)

defendants waiver was induced by a promise the prosecutor later chose not to honor, it was involuntary and thus ineffective. However, in the People v. MacKander matters it states "as a consequence the trial court had to reinstate the defendants right to a preliminary hearing it so desired, due to the inducement. But, a preliminary at this late date would still allow the defendant to challenge as not based on probable cause, but it can not restore the defendant the immediacy of that challenge § 18-1-404 C.R.S. (1986). Thus, a preliminary hearing must be held in within a reasonable time." Rule 5 (a)(4)(i) a preliminary hearing shall be held within 35 days of setting.

However, the Redhouse matters are not coincidently far from MacKander's in likeness because both defendants were induced into waiving their preliminary hearings and both defendant's plea offers were rescinded by prosecution after an agreement. But having that defendant Redhouse being induced into waiving his preliminary hearing by means of threats that "if defendant were to pursue with his preliminary hearing that there will be no other plea offer thereafter," however, the plea offer was not guaranteed. In this assertion made by Mary Pena the defendant's counsel in this case qualified her for being an ineffective assistance of counsel. Also violating his constitutional rights. Which also brings to defendants

(7)

lose out on his preliminary but the fact that the courts can not restore the immediacy of the preliminary challenge § 18-1-404 CRS (1986) a preliminary must be held within a reasonable time Rule 5 (5)(4)(1) A preliminary hearing must be held within 35 days of settings. However, defendant's counsel did not raise these violations or object to them during her appearance at defendant's arraignment. Not only that his counsel failed to fulfill her duties as an effective counsel but she also participate with prosecutor in inducing defendant into waiving his hearing & concerning affidavit of probable cause, also new evidence in favor of defendant that would've assisted with his decision, preventing him from waiving his preliminary hearing. Defendant strongly believes that if he'd been allowed to see his probable cause before his preliminary hearing, defendant would've proceeded on with the hearing and that the alleged charges be dismissed and defendant would have been discharged.

I believe there is no probable cause in this case and especially now after the probable cause had been reproduced to me on Aug. 10, 2020. (a week after the preliminary hearing). That I am very certained about this, there is no probable cause.

A.R. 757 46-55 ("Fundamental fairness as a focus of Strickland's prejudice inquiry is also simpy more suited to the discretionary

⑨

But the damage had already been done... the preliminary has already been waived through inducement, and the time limit has already expired to reinstate the preliminary. But more importantly if the courts were to reinstate the preliminary hearing, it can not restore the immediacy of that challenge.

Your Honor, I'm again requesting a hearing for this matter and this case be moved for a dismissal/w prejudice for "unfairness" of the proceeding. I'm making this request in order to "exhaust all my remedies", so I'm permitted to file next, "the Habeas Corpus Act". Due to these violations in the due process clause of the 14th Amendment, 4th, 5th, 6th, 8th Amendments implicated.

Respectfully Submitted,

Chad Redhouse

9/1/20

I hereby certify that on this day of September 2nd, 2020. I have mailed foregoing copies to: Durango District Attorney's Office, Durango Public Defender's Dept. La Plata County Clerk of Courts c/o Durango District Courts.

Sept 1, 20

Honorable Judge William Herringer,

Greetings your honor, I'm writing this letter in regards to requesting assistance with my U.A's and monthly service fees for pretrial services. I was incarcerated for a little more than 90 days and was finally released on a P.R. bond of $1000 on 8/31/20.

Your honor, due to being incarcerated for that long I had been let go from my job. I tried getting my job back but the employer said "I'm no longer needed". I'm really concerned about my situation because I'm also taking care of my parents whom are elderly. They need me here with them, taking care of them. It does me no good, my parents no good if I'm in jail. I asked my pretrial officer (Sgt. Harris) about some finacial assistance but he stated "it's for other clients!" I don't know what he meant by that, because I'm a client as well. I've contributed 90 plus days of incarceration to the system of colorado and I think that qualifies me a client. I am an innocent person in this case I'm facing. I've lost my job due to the lacke of integrity of the prosecution and ineffective assistance of counsel during the pandemic.

Your honorable, I'm also a United States veteran of our Armed forces. So Please have the courts grant me this request. Thank you,

Case # 2020 CR 237

Sept 19, 20


Dear Honorable Judge William Herringer,

I'm writing in regards to waiving the public defender dept from my case. And also I'm requesting a motion for a change of venue for this cause number. I'm requesting this because of ineffective assistance of counsel and the disregards from my attorney to file this motion wherefore, I pray that the courts grant me this request.

Respectfully Submitted,
Chad Bellhouse

9/19/20

Chad Kulhavel
P.O. Box 3117
Kirtland, NM
87417

FIRST CLASS

Clerk of Courts c/o
United States District Court
for Colorado
901 19th St.
Denver, Co
80294-3589

FIRST CLASS

U.S. POSTAGE PAID
FCM LG ENV
DURANGO, CO
81301
SEP 25, 20
AMOUNT
$3.40
R2304M111326-11

Albuquer
FRI 25 SE

1000

80284

QUA37897